[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The only issue presented by this collection action is whether or not the student loan debt evidenced by a number of promissory notes made by defendant and held by the plaintiff were discharged in bankruptcy.
After borrowing $16,369.00 in New York State guaranteed student loans, the defendant defaulted in payment. Pursuant to its guaranty agreement, on March 26, 1991, the plaintiff purchased the loans from the originating lenders for $17,894.96, the then outstanding balance.
On July 24, 1991 the defendant filed a bankruptcy petition under Chapter 7 in the District of Connecticut and received a "Discharge of Debtor" on March 6, 1992. CT Page 7411
Pursuant to 11 U.S.C. § 523 (a)(8) student loan debts guaranteed by a governmental unit are not dischargeable in bankruptcy unless
 "(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or
 (B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependent." 11 U.S.C. § 523 (a)(8)(A), (B)
Plaintiff offers no evidence and makes no claim under the 7 year exception to non dischargeability of student loans, nor has he provided any evidence indicating that he satisfied or attempted to satisfy the code's undue hardship test with respect to same. Clearly, in order to discharge the debt, defendant would have had to have proven to the Bankruptcy Court by a fair preponderance of the evidence, that repayment of the student loan would impose upon him an undue hardship and there is no evidence that this was done. See Borrero v. Connecticut Student LoanFoundation, 208 B.R. 792, (Bkrtcy. D. Conn. 1997).
The court finds that as of the date of hearing, March 3, 1998, the defendant owed plaintiff the following:
 Plaintiff's plaintiff's payment under guarantee agreement with principal lenders........$17,894.96
 Interest to March 3, 1998 as reduced by N.Y.S.tate and Federal tax return signing and including voluntary payments by defendant...........6,614.33
Total.............................................$24,509.29
Whereupon it is adjudged that the plaintiff recover of the defendant $24,509.29 damages together with costs of suit.
WEST, J.